UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                              Plaintiff

v.                                                              Criminal Action No. 3:19-cr-27-RGJ

SHAUNT GASAWAY                                                                        Defendant

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Shaunt Gasaway's ("Gasaway") Motion to Exclude Evidence [DE 51]. The United States responded. [DE 53]. This matter is ripe. For the reasons below, Gasaway's Motion to Exclude Evidence [DE 51] will be **DENIED**.

**I.     BACKGROUND**

A grand jury charged Gasaway in a single-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). [DE 1]. The United States alleges that Gasaway, a felon, possessed a Smith and Wesson, Model SW40VE, .40 caliber pistol, bearing serial number RAN 5462. Gasaway entered a plea of not guilty and disputes the allegations. [DE 13].

**II.     STANDARD**

Federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial evidence *in limine* under their inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). That said, the "better practice" is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d

436, 440 (7th Cir. 1997); *Bouchard v. Am. Home Prods. Corp.*, 213 F.Supp.2d 802, 810 (N.D.Ohio 2002) (citing *Luce,* 469 U.S. at 41 n. 4). This posture is favored so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F.Supp.2d 702, 706 (E.D. Ky. 2010). When this Court issues a ruling *in limine*, it is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *Luce*, 713 F.2d at 1239). Thus, even where a motion *in limine* is denied, the Court may return to its previous ruling at trial "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239). Likewise, the Court has discretion to alter or amend a prior *in limine* ruling at trial. *Luce,* 469 U.S. at 41–42.

### III. **DISCUSSION**

Gasaway moves the Court to "exclude the firearm seized on the night of [his] arrest, unless the government can establish a chain of custody to authenticate the firearm." [DE 51 at 214]. Gasaway argues that the United States cannot establish the required chain of custody for two reasons. First, Gasaway suggests that the United States cannot sufficiently establish the first link in the chain—that is, the officer who recovered the firearm. *Id.* Gasaway notes that, during the suppression hearing, "Officer Corniel testified for the government . . . [and] claimed the firearm was collected by LMPD "Homicide" Detective(s)." *Id.* But, "Corniel was not able to identify the specific detective(s) who collected the firearm." *Id.* Gasaway also asserts that the body-camera footage showing a "female supervisor officer instructing Officer Coleman to "photograph and collect the firearm" contradicts Officer Corniel's testimony. *Id.* Under Gasaway's logic, if Officer Corniel is to be believed, Officer Coleman could not have recovered the firearm because he is not a homicide detective. Second, Gasaway implies that, assuming Officer Coleman retrieved the

2

firearm, the United States cannot authenticate the firearm because Officer Coleman is no longer an officer with LMPD and thus will not be available to testify during the trial. *Id.*

The United States objects to the Motion, arguing that "Gasaway's argument implies a contradiction even though none exists. One officer can retrieve an item despite another officer being asked to do it. This is particularly true of a crime scene were over a dozen officers were present." [DE 53 at 220]. The United States further argues that Gasaway's argument is unavailing because it goes "to the weight of the evidence, not admissibility . . . [A] jury can decide who retrieved the gun and how relevant that fact is to the elements of the crime." *Id.* at 220—221.

Evidence must be authenticated before it may be admitted. Fed. R. Evid. 901. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *Id.* "Where a . . . physical object is offered as evidence in a criminal prosecution, an adequate foundation for the admission of that object requires testimony first, that such object is the same object which was involved in the alleged incident, and that the condition of that object is substantially unchanged." *United States v. Trotter*, 721 F.3d 501, 505 (8th Cir. 2013) (finding that the United States established that the weapon introduced at trial were the same because the agent testified that it was the same gun and that it was in the same condition as it was on the day he handed it to the defendant).

The United States need not establish a perfect chain of custody for evidence to be admitted at trial. *United States v. Kinnard*, Nos. 91-6221, 91-6263, 1992 WL 162558, at *3. Rather, "[p]hysical evidence is admissible when the possibility of misidentification or alteration is eliminated, not absolutely, but as a matter of reasonable probability." *United States v. Combs*, 369 F.3d 925, 938 (6th Cir. 2004) (quoting *United States v. Allen*, 106 F.3d 695, 700 (6th Cir.1997))

3

(internal quotation marks omitted). "Chain of custody issues are jury questions and the possibility of a break in the chain of custody of evidence goes to the weight of the evidence, not its admissibility." *United States v. Allen*, 619 F.3d 518, 525 (6th Cir. 2010).

Here, the Court cannot determine before trial whether the firearm should be excluded because the United States has not yet had an opportunity to authenticate it. If, during the trial, the United States fails to authenticate the firearm, Gasaway may at that time object to its admission. But because "[c]hain of custody issues are jury questions," the Court will defer ruling on this issue unless Gasaway objects to it at trial.

## IV.    CONCLUSION

For the reasons set forth above, and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1. Gasaway's Motion to Exclude Evidence [DE 51] is **DENIED** at this time.

Rebecca Grady Jennings, District Judge
United States District Court

November 12, 2019

4